## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| PONKRIT JUNTA, (A# 087 272 765 and A# 207 021 746) | |
| | Case No. 1:20-cv-00037 |
|   11255 W Atlantic Blvd \| Apt.105<br>  Coral Springs, FL 33071 | |
|   Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>        Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536 | |
| KEVIN MCALEENAN, Secretary of the<br>Department of Homeland Security, | |
| Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528 | |
| KENNETH CUCCINELLI, Director of the<br>United States Citizenship and Immigration<br>Services, | |
| Serve:  U.S. Citizenship & Immigration<br>        Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536 | |

and,

EMIGDIO MARTINEZ, in an official capacity
as Director of the Oakland Park Field Office,
U.S. Citizenship and Immigration Services;

Serve:  Emigdio Martinez
        Oakland Park Field Office
        4451 NW 31st Avenue
        Oakland Park, FL 33309

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

Plaintiff Ponkrit Junta respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## PARTIES

1.  Plaintiff Ponkrit Junta is a citizen of Thailand.

2.  Ponkrit Junta is married to a U.S. citizen named Thitima Kupradit.

3.  Ponkrit Junta resides in Coral Springs, FL.

4.  Thitima Kupradit filed an I-130 Petition for Alien Relative on behalf of the Plaintiff on or about September 23 2011 (WAC 11-906-87887).  The couple filed a subsequent I-485 Application for Adjustment of Status (MSC1490101325) on Plaintiff's behalf October 15, 2013 as well.  That initial Application for Adjustment was denied.

5.   The couple filed a second I-485 Application for Adjustment of Status (MSC1590315493) on Plaintiff's behalf November 19, 2014 as well.

6.   USCIS completed the fingerprinting and photographing of Ponkrit Junta as part of the processing of the pending second applications.

7.   Defendants conducted an interview on the second I-485 application for adjustment of status on April 20 2015.

8.   Since then, the Defendants have taken no action on the pending adjustment application.

9.   Since Ponkrit Junta and Thitima Kupradit filed the applications with USCIS, they have made repeated requests to have their case finally adjudicated.

10. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Ponkrit Junta's application to adjust status has remained pending far longer than is reasonable.

11. USCIS has refused to adjudicate Ponkrit Junta's application in accordance with applicable legal criteria.

12. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

13. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the USCIS with background and security checks.

14. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

15. Defendant Kevin McAleenan, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  McAleenan is sued in an official capacity as an agent of the government of the United States.

16. Defendant Kenneth Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS.  Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cuccinelli is sued in an official capacity as an agent of the government of the United States.

17. Defendant Emigdio Martinez is the Director of the USCIS Oakland Park Field Office and is sued only in an official capacity, as well as any successors and assigns. The Oakland Park Field Office is located at 4451 NW 31st Avenue  4451 NW 31st Avenue , Oakland Park, FL 33309.

## JURISDICTION AND VENUE

18. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

19. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all

maintain offices within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

20. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

21. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

22. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

23. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

24. The combined delay and failure to act on Ponkrit Junta's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

25. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

26. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

27. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

28. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

29. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

30. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ponkrit Junta requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Ponkrit Junta's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Ponkrit Junta's application to adjust status pursuant to this Court's declaratory judgment authority;

4.  That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Ponkrit Junta;

5.   That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6.   Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.   Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**January 08 2020**

***/s/ James O. Hacking, III***
James O. Hacking, III
Missouri Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**